UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 11-05-GWU

VICKEY L. SMITH,                                                                        PLAINTIFF,

VS.                         **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                                DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The appeal is currently before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1.  Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2.  If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

1

11-05  Vickey L. Smith

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments). If so, disability is conclusively presumed and benefits are awarded.

4. At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work. If so, the claimant is not disabled and the claim is denied. If the plaintiff carries this burden, a prima facie case of disability is established.

5. If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

11-05  Vickey L. Smith

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform,

then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental

contaminants . . . rote application of the grid [guidelines] is inappropriate . . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Id. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Vickey L. Smith, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of migraine headaches, ischemic optic neuritis (residual vision loss), a history of rotator cuff tear (status post surgery), a history of Hallux valgus with bunion, attentional memory deficits, depression, and post traumatic stress disorder (PTSD). (Tr. 14). Nevertheless, based in part on the testimony of a vocational expert (VE), the ALJ determined that the plaintiff retained the residual functional capacity to perform a significant number of jobs existing in

11-05 Vickey L. Smith

the economy, and therefore was not entitled to benefits. (Tr. 18-23). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ asked the VE a series of hypothetical questions, one of which concerned a person of the plaintiff's age, education, and work experience who was limited to sedentary level exertion, and also had the following non-exertional restrictions. She: (1) needed to avoid workplace hazards such as unprotected heights, climbing ladders, ropes, or scaffolds, or operation of moving machinery; (2) could not perform any work requiring binocular vision or depth perception; (3) was limited to no more than one, two, three step instructions with no more than occasional contact with coworkers, supervisors, and the general public; and (4) was restricted to jobs in which changes in the work setting would be introduced gradually. (Tr. 57-8). The VE responded that there were jobs that such a person could perform, and proceeded to give the numbers in which they existed in the state and national economies. (Tr. 58-59).

The plaintiff alleged disability beginning August 8, 2007 due to residuals from a what she thought was stroke, which had left her blind in one eye, and asthma. She described additional problems at the hearing including migraine headaches, herniated and deteriorating discs in her back, pain in her left shoulder following surgery, and depression. (Tr. 36, 43, 46-49).

6

11-05  Vickey L. Smith

On appeal, the plaintiff focuses on only two issues. First, she asserts that the ALJ erred in formulating his own functional restrictions, when the only opinions regarding physical and psychological limitations in the transcript are from non-examining state agency sources who did not review the entire record. Second, she argues that the ALJ's apparent oversight of some of the medical evidence regarding her back impairment made it impossible for him to fairly evaluate the credibility of her subjective complaints of pain. For the reasons that follow, the court finds no merit in the first issue, but believes that the second issue is serious enough to warrant a remand for further consideration.

On the first issue, as the ALJ pointed out, the record contains no opinions from treating or examining physicians indicating that the plaintiff is disabled or that she has limitations greater than he determined. State agency reviewing physicians Humilidad Anzures and Allen Dawson reviewed the evidence in January and May, 2008, and concluded that the plaintiff could perform medium level exertion (i.e., lifting 50 pounds occasionally and 25 pounds frequently), could never climb ladders, ropes, or scaffolds, was limited to monocular vision, would need to avoid ordinary hazards in the workplace, and avoid concentrated exposure to hazards. (Tr. 365-71, 395-401). The ALJ felt their restrictions were reasonable given the objective medical evidence regarding vision loss and migraines, but that they did not account for her shoulder and impingement problems and chronic foot pain. (Tr. 20).

7

11-05 Vickey L. Smith

Therefore, in order to give her the benefit of the doubt, he reduced her lifting capacity to the sedentary level. (Id.). State agency psychologists Christi Breuning and Ann Demaree also reviewed the evidence in January and May, 2008 and concluded that the plaintiff did not have a "severe" mental impairment. (Tr. 350, 380). The ALJ found that, although the plaintiff's allegations of a stroke secondary to stress was not supported by the medical evidence, she did have a longitudinal history of treatment for depression and anxiety, and gave her testimony partial credibility in this regard. (Tr. 20). He stated that he viewed the evidence in the most favorable light for the claimant, and imposed the additional limitations to accommodate her moderate psychological symptoms. (Id.).

The plaintiff points out that a significant amount of evidence was submitted following the opinions of the state agency sources, including a weeklong admission to a psychiatric hospital in July 2008 for depression and post traumatic stress disorder. (Tr. 402-5). However, she was discharged with a Global Assessment of Functioning (GAF) score of 55 (Tr. 405), representing moderate symptoms or moderate difficulty in social, occupational, or school functioning according to the Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision) (DSM-IV-TR), p. 34. An office note from the plaintiff's treating psychiatrist, Dr. Ramesh Ghanta, indicates that he recommended the admission in order to "change all her medications," and that she was having a great deal of stress at home at the

time.  (Tr. 463).  Shortly thereafter, the plaintiff discontinued treatment with this source because he declined to provide her with benzodiazepine medications.  (Tr. 462).  Subsequent notes from a Comprehensive Care Center (CCC) reflected a GAF score of 62 (Tr. 16, 411), which would indicate only mild limitations per the DSM-IV-TR.  No specific functional restrictions are ever given.  The plaintiff appears to be arguing that it is the Commissioner's burden to produce a medical opinion of her functional capacity.  However, it is the plaintiff's burden to prove the extent of her functional limitations.  <u>Yer Her v. Commissioner of Social Security</u>, 203 F.3d 388, 391 (6th Cir. 1999).  There is no error on this issue.

On the second issue, the defendant correctly notes that the ALJ appears to have overlooked some of the evidence from her treatment by Dr. Richard Lingreen, a treating neurosurgeon.  The ALJ summarized her treatment by saying that there was "an isolated treatment note" from Dr. Lingreen dated September 22, 2008, reflecting a complaint of low back pain and a history of treatment for degenerative disc disease.  (Tr. 16).  Dr. Lingreen reported, and the ALJ noted, that her urine drug screen was positive for methadone, which she admitted had not been prescribed to her, and she claimed that it had been given to her by a neighbor for severe pain. (Id.).  The ALJ asserted that the plaintiff did not see Dr. Lingreen again until almost a year later, in August, 2009.  (Id.).  In fact, Dr. Lingreen's office notes, although they are difficult to read, indicate that the plaintiff was treated on four

11-05  Vickey L. Smith

occasions between the two visits described in the ALJ's decision, and it appears that in October of 2008 he reviewed a CT scan of the lumbar spine which was interpreted as showing degenerative disc disease at L5-S1, left sacroiliac joint and right L5-S1 facet degenerative changes, and a broad-based L4-L5 disc bulge. (Tr. 541, 557). Despite the physician's initial concern about inappropriate use of narcotics, he then proceeded to prescribe Lortab and other medications for pain relief and muscle relaxation. (Tr. 553-57).

While neither Dr. Lingreen nor any other of the plaintiff's physicians provided any functional restrictions, the plaintiff argues that the ALJ could not have properly evaluated her subjective complaints of pain given his misreading of the evidence. The ALJ did not even find the plaintiff's back problem to be a "severe" impairment, although much of her testimony concerned her difficulty in sitting, standing, and walking due to low back pain and numbness in the legs. (Tr. 36-7, 40-46). In evaluating subjective complaints of pain or other disabling symptoms, the Sixth Circuit set out the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986). See also Social Security Ruling (SSR) 96-7p, which notes that objective

11-05  Vickey L. Smith

medical evidence is "a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of an individual's symptoms and the effects those symptoms may have on the individual's ability to function" (citing 20 C.F.R. § 404.1529(c)(2)).

The court recognizes that medical sources did not provide any specific restrictions related to the back problem.  Nevertheless, it is conceivable that the ALJ would have made a different credibility finding if he had seen the additional evidence cited above.  Under the circumstances of this particular case, the court concludes that a remand to consider the evidence is required in order for the plaintiff to receive a fair adjudication of her case.

The decision will be remanded for further consideration.

This the 23rd day of November, 2011.

Signed By:

*G. Wix Unthank*   *GWU*

**United States Senior Judge**